IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rhonda Morris McNeely, ) | Case No. 6:24-cv-07374-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Sonya Hale; Keith Cagle; William ) | |
| Thompson; Charles Holman; Jay ) | |
| Graves, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' motion to dismiss. [Doc. 18.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On September 24, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' motion to dismiss be granted. [Doc. 24.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 19.] No party has filed objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge

or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge as modified herein[*] and incorporates it by reference to the extent it is consistent with this Order. Accordingly, Defendants' motion to dismiss [Doc. 18] is GRANTED, and this case is dismissed with prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

October 22, 2025
Greenville, South Carolina

# NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] The Court modifies the Report to clarify that, "[i]n the context of a Title VII case, an employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss," and instead must "allege facts to satisfy the elements of a cause of action created by that statute." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (internal quotation marks omitted). However, this modification does not change the conclusion that the Complaint fails to allege facts that plausibly state a violation of Title VII.